Edward Leon Guy III
5717 Virginia Avenue #202
Los Angeles, CA. 90038
(424)236-1376

In pro se

FILED
CLERK, U.S. DISTRICT COURT
12/04/13
CENTRAL DISTRICT OF CALIFORNIA
BY: SB  DEPUTY

LODGED
2013 NOV 22 PM 1:54
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

I/S 21

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

EDWARD LEON GUY III
    Plaintiff,

vs.

GC SERVICES LP, a Delaware partnership and DOES 1 through 100, Inclusive
    Defendant

Case No. CV13-8650 GAF-JCGx

COMPLAINT FOR VIOLATIONS OF:

FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692(e)(2)A; CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT (CA CIV CODE §1788.17; UNFAIR BUSINESS PRACTICES (CA. B&P CODE § 17200)

Demand for Jury Trial

COMES NOW, EDWARD LEON GUY III, with the following allegations:

## PARTIES

1.     Plaintiff, EDWARD LEON GUY III (hereinafter referred to as "Plaintiff") is a natural person and resident of the State of California in the County of Los Angeles and was a resident at the time all the things complained about herein occurred.

2.  Defendant, GC SERVICES LP (hereinafter referred to as "Defendant") is a Delaware limited partnership, that is a resident of Houston, Texas that at all times mentioned in this complaint, was doing business in the State of California, County of Los Angeles.

3.  Defendant uses the United States Postal Service and nationwide telephone systems to facilitate collecting debts owed or asserted to be owed to another, frequently crossing state lines which are both instruments of interstate commerce and both used by Defendant.

4.  Defendant is a debt collector as defined by 15 U.S.C. § 1692a (6) and Ca. Civ. Code § 1788.2(c). Defendant is a "person" as defined in Ca. Civ. Code § 1788.2(g) and a business as defined in Ca. B&P §17201.

5.  Plaintiff further alleges that all other DOE defendants were either conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et. seq. (hereinafter referred to as "FDCPA")), the California Fair Debt Collection Practices Act also known as the Rosenthal Fair Debt Collection Practices Act (Ca. Civ. Code § 1788 et seq. (hereinafter referred to as the "CFDCPA" and "RFDCPA" respectively)) and California Unfair Business Practices (B &P Code § 17200-17210 (hereinafter referred to as "UCL")).

6.  An actual controversy exists between the parties, in that the challenged actions of the Defendant(s) have caused and will continue to cause the Plaintiff substantial harm unless the requested relief is granted.

## JURISDICTION AND VENUE

7.  Jurisdiction of this court arises under 15 U.S.C. § 1692 and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.

8.  Venue is proper, because many of the relevant events occurred within Los Angeles County, State of California, which is located within this District.

9.  Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.

10. This is an action brought by a consumer for violations of the above named Acts in connection with the tactics Defendant used to collect past debt from Plaintiff and the manner in which they attempt to collect an alleged debt from Plaintiff stemming from a traffic citation incurred with the Los Angeles Superior Court (hereinafter referred to as "LASC"), and subsequently assigned to Defendant. Thus, Plaintiff seeks damages and/or, to the extent possible, injunctive and declaratory relief.

## FACTS

11. On or about July 1, 2008, Plaintiff purchased a 1990 BMW from a used car dealer and paid all associated Department of Motor Vehicle (hereinafter referred to as "DMV") fees through the dealership, however, the DMV never sent Plaintiff any vehicle registration or license plates.

12. Plaintiff attempted to obtain the vehicle registration and license plates from the DMV, but was told that only the dealership could obtain the license plates and registration.

13. Very shortly thereafter, Plaintiff obtained several violations for the registration and license plates and very shortly thereafter had the vehicle impounded for no registration from the Los Angeles Police Department and never returned.

14. Plaintiff failed to appear at the Los Angeles Superior Court (hereinafter referred to as "LASC") on the date of the citation and had his driving privileges revoked from the State of California.

15. When Plaintiff did appear he was ordered to pay fines but could not afford to pay the fines. The subsequent fines were assigned to Defendant to collect. The purported money Defendant was attempting to collect from Plaintiff was a collection and a "debt", as defined by 15 U.S.C. § 1692a(5) and as defined by Ca. Civ. Code §1788.2(d)

16. On or about November 4, 2013, Plaintiff telephoned LASC to pay the unpaid traffic citations that were assigned to Defendant however, Plaintiff was told that he would have to deal directly with Defendant.

17. On November 4, 2013, Plaintiff telephoned Defendant to make arrangements to pay off the now, collection account. Plaintiff was informed that it would cost twenty five

hundred thirty three dollars ($2,533.00) to satisfy the debt and have any holds on my drivers license removed.

18. On about November 12, 2013, Plaintiff telephoned Defendant and inquired as to where to go to pay the collection account. Defendant asked if Plaintiff could pay the account over the phone. Plaintiff told Defendant no and inquired as to an address to pay the account. Plaintiff was assured that if he paid the money to Defendant that he would be able to take the proof of payment and have the holds on his drivers license removed

19. On November 15, 2013, Plaintiff went to the location arranged with Defendant to pay the collection account and tendered the sum of twenty five hundred thirty three dollars ($2,533.00). Plaintiff paid Defendant, was issued documents to obtain abstracts for the violations and was ready to obtain his driver's license and was directed by Defendant to stand in another line to apply for the abstracts to take to the DMV.

20. Plaintiff waited for forty five minutes in a line to obtain an abstract only to be told that he had another traffic ticket in collections with Defendant and to return to Defendant's window. Plaintiff went back to Defendant who acknowledged that Plaintiff owed money for another violation in the sum of seven hundred sixteen dollars ($716.00) and told Plaintiff that he would have to pay additional money to obtain his license.

21. Defendant misrepresented the amount of money Plaintiff owed Defendant for the debt they were collecting from him. Defendant knew all along that Plaintiff owed additional funds and that they were attempting to collect those funds as well. As soon as Plaintiff gave Defendants more money, Defendants told Plaintiff that they could offer him a payment plan to pay the additional collection accounts to them. Defendants agents thought the entire manner in which they misrepresented how much I owed to get money from me was humorous.

## COUNT 1- VIOLATION OF THE FAIR
## DEBT COLLECTION PRACTICES ACT (FDCPA)

22. The allegations of paragraphs 1 through 21 of this Complaint are incorporated herein by reference and re-alleged just as if they were plead in full herein.

23. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Specifically **_15 USC §1692(e)(2)A_** prohibits the false representation of the character, amount, or legal status of any debt. When Defendant represented to Plaintiff that the amount he owed was twenty five hundred thirty three dollars ($2,533.00), the representation was false. Defendant knew that this amount was false and misrepresented the actual amount owed to Plaintiff in their collection efforts. Defendant violated the FDCPA by falsely representing the amount of money owed for the debt they were collecting. Defendant was attempting to collect on accounts from Plaintiff for over five years. Defendant had no reason to believe that the representations made to Plaintiff regarding the amount he owed Defendant was true.

24. The foregoing violations of the FDCPA are among Defendants' standard procedures and practices towards consumers such as Plaintiff, for which Defendant are motivated by enhanced profits.

25. Plaintiff has sustained damages in an amount of approximately four thousand dollars ($4000.00) due to Defendants actions.

26. Plaintiff also seeks statutory damages in the sum of one thousand dollars ($1,000.00) in accordance with **_15 U.S.C 1692 § (k)._**.

## COUNT 2- VIOLATIONS OF THE CALIFORNIA
## FAIR DEBT COLLECTION PRACTICES ACT (CFDCPA)

27. The allegations of paragraphs 1 through 26 of this Complaint are incorporated herein by reference and re-alleged just as if they were plead in full herein.

28. **_Ca. Civ. Code § 1788.17_** requires "…every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code…." **_15 USC §1692(e)(2)A_** prohibits the false representation of the character, amount, or legal status of any debt.

29. When Defendant represented to Plaintiff that the amount he owed was twenty five hundred thirty three dollars ($2,533.00), the representation was false. Defendant knew that this

-5-

amount was false and misrepresented the actual amount owed to Plaintiff in their collection efforts. Defendant violated the CFDCPA by falsely representing the amount of money owed for the debt they were collecting. Defendant was attempting to collect on accounts from Plaintiff for over five years. Defendant had no reason to believe that the representations made to Plaintiff regarding the amount he owed Defendant was true.

30. The foregoing violations of the FDCPA are among Defendants' standard procedures and practices towards consumers such as Plaintiff, for which Defendant are motivated by enhanced profits.

31. Plaintiff has sustained damages in an amount of approximately four thousand dollars ($4000.00) due to Defendants actions. Plaintiff also seeks statutory damages in the sum of one thousand dollars ($1,000.00) in accordance with **_15 U.S.C § 1692(k)._**

## COUNT 3- VIOLATIONS OF CALIFORNIA UNFAIR BUSINESS PRACTICES (UCL)

32. The allegations of paragraphs 1 through 31 of this Complaint are re-alleged and incorporated by reference.

33. _ states "...unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited ...." Plaintiff's representation to Plaintiff that he owed Twenty five hundred thirty three dollars ($2,533.00) was false, deceptive, misleading and untrue and done for the purpose of collecting money for their profit.

34. Defendant told Plaintiff that he could have all holds on his license from their collection agency moved by paying the sum of twenty five hundred thirty three dollars ($2,533.00). This statement as to how much I could pay was deceptive and designed to get me to pay part of the debt then offer me some sort of payment plan to pay amounts that I did not know was owed. Defendant's statements to Plaintiff were false, deceptive, untrue and misleading in their entirety.

35. The foregoing violations of **_Ca. B&P Code § 17200_** the Business and Professions were motivated to enhance Defendant's profits.

36.     Plaintiff has sustained damages in an amount of approximately four thousand dollars ($4000.00) due to Defendants actions.

\\\

**REQUESTED RELIEF**

**WHEREFORE** Plaintiff respectfully requests relief as follows:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Debt collection Practices Act; the California Fair Debt and Collection Practices Act; and from participating in any further violations of the California Unfair Business Practices Laws;

(B)     For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

1.      Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency;

(C)     For an order awarding actual damages as they are incurred for violating the FDCPA, CFDCPA and UCL in the following amount:

1.      Actual damages in the sum of four thousand seven hundred sixteen dollars ($4716.00) against Defendant .

2.      Strict liability damages against Defendant in an amount commensurate with statute.

(D)     For an order requiring GC Services to release any holds on my drivers license and report to DMV and LASC that all liens are satisfied forthwith.

(E)     For an order awarding punitive damages as follows against Collection Agency, in an amount to be determined by the Court.

(F)     And for such other and further relief as the court deems just and proper under the circumstances.  Please take notice that the Plaintiff demands trial by jury in this action.

**DATED:** November 20, 2013

_____
EDWARD LEON GUY III, In pro se